Dear Mr. Wayne:
You have requested the opinion of this office concerning the administration of funds which have been deposited with Capital Area Legal Services Corporation (CALSC) by clients who have abandoned their efforts to pursue their cases.
The Appendix to Chapter 4 of Title 37 of the Louisiana Revised Statutes sets forth the Rules of Professional Conduct for Attorneys (the Rules). Enclosed with this opinion are Rules 1.5 and 1.15 of Article 16 which are relevant to the issue at hand and applicable to CALSC as a provider of legal services.
Paragraphs 3 and 4 of CALSC's Contract of Retainer are a starting point for dealing with this issue. These paragraphs refer to the nature of deposits left with CALSC and the client's ability to recover the deposits if the attorney-client relationship terminates. However, these provisions are ambiguous and contradictory. One provision refers to a donation of the funds to the CALSC if a client cannot be contacted, and another states that the client may recover such funds at any time if the relationship is terminated and there is a positive balance in the account. The language of your client contract should be reviewed and clarified to reflect the requirements of Louisiana law as set forth in this opinion.
It is our understanding from information provided by your office that the funds which a client deposits with CALSC are funds to be used for court costs and expenses which arise in connection with a particular case. If this is indeed the nature of these funds, Rule 1.5(f)(4), providing the following is applicable:
 (f) Payment of fees in advance of services shall be subject to the following rules:
 (4) When the client pays the lawyer an advance deposit to be used for costs and expenses, the funds remain the property of the client and must be placed in the lawyer's trust account. The lawyer may expend these funds as costs and expenses accrue, without further authorization from the client for each expenditure, but must render a periodic accounting for these funds as is reasonable under the circumstances. (Emphasis Added.)
Thus, the funds received by CALSC must be placed into a lawyer's trust account and held as a fiduciary, obligating CALSC to periodically account to the client for these funds.
Furthermore, under Rule 1.5, the Louisiana Supreme Court requires that all attorneys participate in the Interest on Lawyer's Trust Accounts (IOLTA) program. Under this program, the attorney or firm is not only responsible for creating and maintaining an interest-bearing trust account for funds such as those under consideration, but is also responsible for directing the depository institution to remit to the Louisiana Bar Foundation, Inc., all interest earned on that account, net of any service charges or fees. The attorney or firm may not have access to this interest. The interest generated is to be used for pro bono projects by the Louisiana Bar Foundation as specified in Rule 1.15 by the Louisiana Supreme Court. There is no exception from this mandatory program for organizations which provide legal services to the indigent.
If the funds on deposit are "nominal in amount" or are "to be held for a short period of time", then these funds are to be collected in one account. However, if the funds are not "nominal in amount" or held for a short period of time, then they are to be placed in a segregated trust account.
It is our understanding that the funds deposited with CALSC are deposited for court costs which may run as high as Two Hundred and 00/100 ($200.00) Dollars in complicated cases. Because of the nature of the cases CALSC handles, namely cases for the poor, we will assume for the purpose of this opinion that the funds deposited with CALSC are indeed "nominal in amount" and would, therefore, be placed in one trust account as opposed to several segregated trust accounts.
Your second inquiry was whether the Louisiana Uniform Unclaimed Property Act, La. R.S. 9:151 et seq.,(LUUPA) applies to the situation at hand. There is nothing in this Act which would exempt CALSC from the effects of LUUPA. Thus, LUUPA is applicable to the principal amount of these abandoned client deposits and the following provisions are significant to their disposition:
 La. R.S. 9:153 Property Presumed Abandoned; General Rule
 A. Except as otherwise provided by this Chapter, all intangible personal property, including any income or increment derived thereon, less any lawful charges, that is held, issued, or owing in the ordinary course of a holder's business and has remained unclaimed by the owner for more than five years after it became payable or distributable is presumed abandoned. (Emphasis added.)
According to La. R.S. 9:152(10)(a), "intangible personal property" includes "monies" and "deposits". Moreover, La. R.S.9:152(7)(a) defines "holder" as "a person, wherever organized or domiciled, who is in possession of property belonging to another". CALSC is clearly a "holder" as it can be considered to be "a person" within the meaning of Civil Code Art. 24.
R.S. 9:163 specifically refers to property held as a fiduciary or agent, which is the relationship which CALSC has with its clients regarding these funds. The relevant provision of this statute provides:
 A. Intangible personal property and any income or increment derived therefrom held in a fiduciary capacity for the benefit of another person is presumed abandoned unless the owner, within five years after it has become payable or distributable, has increased or decreased the principal, accepted payment of principal or income, communicated concerning the property, or otherwise indicated an interest as evidenced by a memorandum or other record on file prepared by the fiduciary.
After CALSC has held the client costs deposit for more than five (5) years and has heard nothing from the owner, the money is presumed abandoned and CALSC must report to the Collector of Revenue of the State of Louisiana as provided in La. R.S. 9:168
below:
Sec. 168. Report of abandoned property
 A. A person holding property presumed abandoned and subject to custody as unclaimed property under this Chapter shall report to the administrator concerning the property as provided in this Section.
B. The report must be verified and must include:
 (1) Except with respect to traveler's checks and money orders, the name and social security number, if known, and last known address, if any, of each person appearing from the records of the holder to be the owner of property of the value of fifty dollars or more presumed abandoned under this Chapter.
* * *
 (3) The nature and identifying number, if any, or description of the property and the amount appearing from the records to be due, but items of value under fifty dollars each may be reported in the aggregate;
 (4) The date the property became payable, demandable, or returnable, and the date of the last transaction with the apparent owner with respect to the property; and
 (5) Other information which the administrator prescribes by rule as necessary for the administration of this Chapter.
* * *
 D. The report must be filed before November first of each year as of June thirtieth, next preceding, but the report of any life insurance company must be filed before May first of each year as of December thirty-first next preceding. On written request by any person required to file a report, the administrator may postpone the reporting date for a period not to exceed ninety days.
 E. Not more than one hundred twenty days before filing the report required by this Section, the holder in possession of property presumed abandoned and subject to custody as unclaimed property under this Chapter shall send written notice to the apparent owner at his last known address informing him that the holder is in possession of property subject to this Chapter if:
 (1) The holder has in its records an address for the apparent owner which the holder's records do not disclose to be inaccurate;
 (2) The claim of the apparent owner is not barred by any period of prescription; and
 (3) The property has a value of fifty dollars or more. (Emphasis added.)
In connection with La. R.S. 9:168 La. R.S. 9:170 provides the guidelines CALSC must follow concerning when payment must be made to the Collector of Revenue.
 La. R. S. 9:170 Payment or Delivery of Abandoned Property
 A. Except as otherwise provided in Subsection B, a person who is required to file a report under R.S. 9:168, at the same time as the final date for filing the report as required by R.S. 9:168, shall pay or deliver to the administrator all abandoned property required to be reported.
 B. If the owner establishes the right to receive the abandoned property to the satisfaction of the holder before the property has been delivered or it appears that for some reason the presumption of abandonment is erroneous, the holder need not pay or deliver the property to the administrator, and the property will no longer be presumed abandoned. In that case, the holder shall file with the administrator a verified written explanation of the proof of the claim or of the error in the presumption of abandonment.
Once CALSC pays the deposit money to the Collector of Revenue, it is relieved of all liability in accordance with the following provision:
La. R.S. 9:171
 Section 171. Custody by state; holder relieved from liability; reimbursement of holder paying claim; reclaiming for owner; defense of holder.
 A. Upon the payment or delivery of property to the administrator, the state assumes custody and responsibility for the safekeeping of the property. Any person who pays or delivers property to the administrator in good faith is relieved of all liability to the extent of the value of the property paid or delivered for any claim then existing or which thereafter may arise or be made in respect to the property.
 B. A holder who has paid money to the administrator pursuant to this Chapter may make payment to any person appearing to the holder to be entitled to payment and, upon filing proof of payment and proof that the payee was entitled thereto, the administrator shall promptly reimburse the holder for the payment without imposing any fee or other charge. If reimbursement is sought for a payment made on a negotiable instrument, including a traveler's check or money order, the holder must be reimbursed under this Subsection upon filing proof that the instrument was duly presented and that payment was made to a person who appeared to the holder to be entitled to payment. The holder shall be reimbursed for payment made under this Subsection even if the payment was made to a person whose claim was barred under R.S. 9:180(A). (Emphasis Added.)
In summary, CALSC has a duty to establish a lawyer's trust account or accounts into which all of clients' deposits shall be deposited. The interest earned on trust account must be given to the Louisiana Bar Foundation, Inc., in accordance with the Rules of Professional Conduct for Attorneys in the Appendix to Title 37, Chapter 4 of the Louisiana Revised Statutes. After the CALSC has held the funds for five (5) years, the funds are presumed abandoned and CALSC must comply with the requirements of the LUUPA discussed above.
I trust that this answers your inquiry. If we may be of any further assistance, please contact me.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
RPI/GRD/bb 0442z